## Allen *against* Graffius.

The settlement of an account against an estate by executors and an obligation by them under their hands and seals to pay the balance out of the assets of the estate, creates no personal responsibility on their part beyond the assets which came to their hands.

ERROR to the common pleas of *Lycoming* county.

Jacob and Daniel Graffius against Robert Allen and Henry Harman. This was an action of debt, founded upon the following paper:

"1830, February 17, settled with Jacob and Daniel Graffius, and remains balance due them on book account, 44 dollars 75 cents, as witness our hands and seals the date above written; the above to be paid out of the assets of Charles Clendenin's estate.

"ROBERT ALLEN, [L. S.]
"HENRY HARMAN, [L. S.]"

It is agreed and admitted, that the said defendants were named in the last will and testament of Charles Clendenin, deceased, as executors; that the same will was duly proved in the register's office on the 7th of January 1830, and letters testamentary were issued to them.

That on the 5th of May 1830, the said defendants were discharged, by the orphans' court of this county, from their executorship; and that on the 8th of July 1830, letters of administration *de bonis non* with the will annexed, were issued to Abraham Taylor as such administrator, and bail was given by him on the same day; that on the 3d of August 1830, the said defendants delivered over all the assets of said estate in their hands to said Taylor, as such administrator.

It is now agreed, that this shall be in the nature of a case stated; and if the court should be of the opinion that the said defendants are liable individually on the claim in said statement, then judgment to be entered on the same for the amount, with interest from its date.

If, however, the court should be of the opinion that the plaintiffs are not entitled to recover against the defendants in their individual character, then judgment to be entered for the defendants.

The court below rendered a judgment for the plaintiff for the amount of his claim.

*Parsons*, for plaintiff in error, cited 9 *Wend.* 273; 17 *Johns. Rep.* 301–4; 8 *Johns. Rep.* 120; 7 *Term Rep.* 350; 1 *Hen. Bl.* 102.

VIII.—2 I*

[Allen v. Graffius.]

*Anthony*, for defendant in error.

PER CURIAM.—There is no room for a covenant by implication; for there is an express covenant purposely limiting the responsibility of the defendants, to prevent it; which was not the case in Shaeffer *v.* M'Kinstry, (*ante* 258.) They, perhaps, thought that a personal promise might arise out of the settlement of the account, and that there must be a special agreement to prevent it; else why limit their liability to payment out of the assets? Or, if they meant to pay out of their own pockets what was not their own debt, why say any thing about the assets at all? We can not shut our eyes to an intention so clear.

Judgment reversed.